PER CURIAM:
The claimant brought this action for vehicle damage which occurred as a result of two separate collisions with fallen trees on Route 34 and Route 34/8, which are roads maintained by the respondent in Putnam County.[1] The Court is of the opinion to deny this claim for the reasons more fully stated below.
The first incident giving rise to this claim occurred on March 7,1997 sometime in the night. Claimant’s wife was traveling on Route 34 at Red House at a speed of about twenty-five to thirty miles per hour. When the claimant’s wife came around a curve, she suddenly encountered a tree that had fallen over the guardrail and the claimant’s vehicle collided with the tree. Claimant’s wife alleged that she was not able to see the fallen tree before the collision. This particular road is frequently traveled by the claimant and his wife. In fact, claimant and his wife had been on the same road six horns earlier, but did not see the fallen tree at that time. Damage to claimant’s 1986 Toyota four-wheel drive pickup as a result of the first incident was a broken antenna and mirror as well as damage to left quarter panel, left tail light and four pin stripes. Because no repair work has been done to the claimant’s vehicle as of the June 11,1999, hearing and the claimant was only able to produce an estimate for $1,040.92, the exact amount of damages was unclear. Also, the record is unclear whether the claimant had full or liability insurance coverage that would cover this accident.
The second incident giving rise to this claim occurred on July 2,1997 at about 11:00 p.m. Claimant’s wife was traveling on Route 34/8 (Bowles Ridge, off of Route 34) to a friend’s house in Grandview Ridge on the stormy night in question. Claimant’s wife went around a comer and suddenly encountered another fallen tree and claimant’s vehicle collided with that tree. Like the first incident, claimant wife was unable to see the tree until the collision. The resulting damage to the claimant’s 1986 Toyota four-wheel drive pickup that was the vehicle’s exhaust system was tom from the vehicle. Claimant’s out-of-pocket expense for this accident was $100.44. As aforementioned, the record is unclear whether claimant had full or liability insurance coverage that would cover this accident.
*12 The position of the respondent was that it did not have actual or constructive notice of the conditions on Route 34 or Route 34/8 at the sites of claimant’s accidents for either of the dates in question. Even though claimant alleges to the contrary, there was no evidence that there had been any calls or letters describing any fallen trees or other debris on Route 34 or Route 34/8 at the site of the claimant’s accidents for either of the dates in question. Moreover, Route 34 is a first priority road. Consequently, the road is patrolled regularly for road defects, such as fallen trees and debris. Similarly, Route 34/8 is patrolled regularly for road defects, such as fallen trees and debris. However, on July 3, 1999, the day after a bad storm and claimant’s wife’s second accident, fallen trees and debris were found and removed on secondary roads in the area by the respondent’s employees in Putnam County, but it is unclear whether any fallen trees or debris were ever the cause of claimant’s accident or were removed from the locations in question. Thus, there was no notice of any road defects on Route 34 or Route 34/8 which should have been repaired.
The well established principle of law in West Virginia is that the State is neither an insurer nor a guarantor of the safety of motorist upon its roads. Adkins vs. Sims, 130 W.Va. 645; 46 S.E.2d 81 (1947). In order to hold the respondent liable for road defects of this type, the claimant must prove that the respondent had actual or constructive notice. Pritt vs. Dept. of Highways, 16 Ct. Cl. 8 (1985); Harmon vs. Dept. of Highways, 16 Ct. Cl. 127 (1986). The Court is of the opinion that the respondent did not have actual or constructive notice of any road hazard on Route 34 or Route 34/8. Respondent did not have ample opportunity to make repairs. Thus, the claimant is not entitled to an award for his losses.
In the present case, the evidence established that the respondent regularly sent its employees to inspect the locations in question. Further, the evidence established that the respondent was not put on notice about any fallen trees or debris in the locations in question. The Court is of the opinion that the respondent did take reasonable steps to ensure the safety of Route 34 and Route 34/8 in Putnam County. The respondent was vigilant. Consequently, there is insufficient evidence of negligence upon which to j ustify an award. In view of the foregoing, the Court denies this claim.
Claim disallowed.

 The styling of this claim was changed at the June 11, 1999, hearing when it was learned that Jenny Mays, the person who was operating the vehicle during the two accidents and who-originally filed this claim, did not own the vehicle. Rather, the vehicle was owned by her husband, Dwight Mays. Thus, this claim was transferred to his name.